D. Maimon Kirschenbaum
Denise Schulman
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
**SHINJI UJIIE,**

        **Plaintiff,**

  v.

**NEW LIFE SUSHI, INC. d/b/a SUSHI SEKI UPPER EAST SIDE, 365 SEKI, INC., d/b/a SUSHI SEKI TIMES SQUARE, ZHONG SHEN SHI a/k/a SEKI, and BI HANG CHENG,**

        **Defendants.**
--------------------------------------------------------x

**COMPLAINT**

**CASE NO.:**

Plaintiff SHINJI UJIIE alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**PARTIES**

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant NEW LIFE SUSHI, INC. is a New York corporation that owns and operates the Sushi Seki restaurant located on the Upper East Side of Manhattan ("Sushi Seki UES").

5. Defendant 365 SEKI, INC. is a New York corporation that owns and operates the Sushi Seki restaurant located in Times Square in Manhattan ("Sushi Seki Times Square," together with Sushi Seki UES, "Sushi Seki").

6. Each Sushi Seki restaurant has an annual gross volume of sales in excess of $500,000.

7. Defendants Zhong Shen Shi and Bi Hang Shen (collectively, the "Individual Defendants") are New York residents. They are the owners and operators of Sushi Seki Times Square and Sushi Seki UES.

8. Each of the Individual Defendants has ultimate authority with respect to the hiring and firing of employees, setting their schedules and rates of pay and maintenance of payroll records at both Sushi Seki restaurants.

9. Plaintiff Shinji Ujiie is a New York resident. Plaintiff worked at Sushi Seki UES as a sous chef until mid-2016. After that, he became the head sushi chef at Sushi Seki Times Square, where he remained until 2019.

**FACTS**

10. Defendants committed the following acts knowingly, intentionally, and willfully.

11. Plaintiff was employed as a non-exempt sous chef at Sushi Seki UES until mid-2016.

12. As a sous chef, Plaintiff was scheduled for and in fact worked over 60 hours per week.

13. Specifically, Plaintiff worked from 2:00 a.m. to 12:00 a.m. four days a week, and from 2:00 p.m. until 3:30 a.m. 2 days per week.

14. Defendants did not pay Plaintiff for any overtime worked during this period.

15. Defendants did not pay Plaintiff NY's "spread of hours" premium for workdays that lasted more than 10 hours.

16. At Sushi Seki UES, Defendants allocated a portion of the waiters' tip pool to sushi chefs. In other words, Defendants deducted money from the tip-pool each night, telling wait staff that it was being distributed to sushi chefs, who provided direct customer service. But Defendants' held on to these amounts, thus retaining tips belonging to sushi chefs, including Plaintiff.

17. Defendants deceitfully created a false paper trail to make it appear that they distributed tips to Plaintiff. Specifically, they created phone pay records to make it appear as though they distributed tips to him each week. What Defendants in fact did was to pay Plaintiff a flat salary each week.

18. When Plaintiff moved to Sushi Seki Times Square in 2016, Defendants still illegally retained his tips.

19. Specifically, Defendants required Plaintiff to remit to them any tips that customers gave him, purportedly to put it in the server tip pool.

20. However, Plaintiff received a flat salary the entire duration of his employment and never received back any portion of his personal tips that he was required to remit to Defendants.

21. In fact, Defendants again deceitfully created a false paper trail to make it appear that they distributed tips to Plaintiff.

22. On their nightly tip distribution sheets, which included the distribution of all service employees' tips at Sushi Seki Times Square, Defendants allocated a portion of the tip pool to the sushi chefs, including Plaintiff. Thus, wait staff believed that they were sharing tips with sushi chefs, when in fact sushi chefs were paid flat salaries and Defendants pocketed the tip money that was supposed to be paid to sushi chefs.

23. In order to keep their phony story consistent, Defendants put information on Plaintiff's paychecks to reflect a tip distribution. However, as stated above, Defendants always paid Plaintiff a fixed salary. Each week, Defendants listed on Plaintiff's paycheck a false hourly rate and false number of hours worked so that his total pay – wages plus tips – always amounted to his fixed salary.

24. For example, in the beginning of 2018, Plaintiff's weekly salary was $1,738.00.

25. In the week ending January 6, 2018, Defendants falsely "allotted" $116.12 of the tip pool money to Plaintiff. Defendants worked their way backward to make it look as though Plaintiff's $1,738 salary was comprised of hourly wages and tips. Specifically, on Plaintiff's paystub Defendants attributed $1,571.88 to regular pay and $116.12 to tips. For some reason, Defendants claimed on the paystub that Plaintiff worked 25.22 hours that week and that the $1,571.88. was "regular" pay, an effective hourly rate of $71.45. In any event, despite this smokescreen, Plaintiff received his regular salary of $1,738.

26. The next week Defendants falsely "allotted" $748.00 of the tip pool money to Plaintiff. Defendants again worked their way backward from the $1,738 salary figure. On the paystub for the week ending January 13, 2018, Defendants attributed $720 to Plaintiffs first 40

4

regular hours ($18 per hour), $270 for 10 hours of overtime work ($27 per overtime hour)., plus $748 in tips, again totaling Plaintiff's flat weekly salary of $1,738.

27. The following week, Defendants falsely allotted $278.54 of the tip pool money to Plaintiff. On the paystub for the week ending January 20, 2018, Defendants attributed $1,459.46 to "regular pay" for 47.23 hours ($30.90 per hour), plus $278.54 in tips, arriving yet again at Plaintiff's flat weekly salary of $1,738.

28. This phony payroll reporting continued throughout Plaintiff's employment at Sushi Seki Times Square. The end result was always the same: Defendants retained Plaintiff's tips. Defendants paid Plaintiff a flat weekly salary and no additional money on account of Plaintiff's tips received.

29. Defendants did not give Plaintiff weekly wage statements that included Plaintiff's actual hours worked.

30. Defendants did not give Plaintiff an accurate Notice and Acknowledgment of Pay Rate at the beginning of his employment, as required by NYLL § 195.

## FIRST CLAIM FOR RELIEF
**FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.*,**

31. Plaintiff realleges and incorporates by reference all previous paragraphs.

32. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

33. At all relevant times, Defendants have employed "employee[s]," including Plaintiff.

34. Defendants knowingly retained/misappropriated voluntary gratuities belonging to Plaintiff.

35. Plaintiff seeks damages in the amount of his unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d

36. Plaintiff realleges and incorporates by reference all previous paragraphs.

37. Defendants retained Plaintiff's gratuities.

38. Plaintiff seeks damages in the amount of his withheld gratuities, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### New York State Overtime Violations,
### N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4

39. Plaintiff realleges and incorporates by reference all previous paragraphs.

40. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

41. Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times his regular rate for hours worked in excess of forty (40) hours per workweek.

42. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
### New York Notice Requirements, N.Y. Lab. L. §§ 195, 198

43. Plaintiff realleges and incorporates by reference all previous paragraphs.

44. Defendants did not provide Plaintiff with the correct notices and/or statements required by N.Y. Lab. Law § 195.

45. As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**New York Spread of Hours Provisions,**
**N.Y. Comp. Code R. & Regs. tit. 12, § 146-1.6**

46. Plaintiff realleges and incorporates by reference all previous paragraphs.

47. Plaintiff had workdays that lasted more than ten (10) hours.

48. Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate when his workdays lasted more than ten (10) hours, as required by New York law.

49. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

B. Penalties available under applicable laws;

C. An award of damages, according to proof, including, back pay, front pay, compensatory damages, emotional distress damages, and punitive damages, to be paid by Defendants;

D. Costs of action incurred herein, including expert fees;

E. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

F. Pre-judgment and post-judgment interest, as provided by law; and

G. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
        November 27, 2019

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By:
*/s/ D. Maimon Kirschenbaum*
D. Maimon Kirschenbaum
Denise Schulman
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff*