UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHINJI UJIIE,<br><br>        Plaintiff,<br><br>- against -<br><br>NEW LIFE SUSHI, INC. d/b/a SUSHI SEKI UPPER EAST SIDE, 365 SEKI, INC., d/b/a SUSHI SEKI TIMES SQUARE, ZHONG SHEN SHI a/k/a SEKI, and BI HANG CHENG,<br><br>        Defendants. | Docket No.: 19-cv-10996 (JGK)(DCF)<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |

New Life Sushi, Inc. d/b/a Sushi Seki Upper East Side ("Sushi Seki UES"), 365 Seki, Inc., d/b/a Sushi Seki Times Square ("Sushi Seki TSQ"), Bi Hang Cheng ("Cheng"), and Zhong Shen Shi a/k/a Seki ("Seki") (collectively hereinafter, "Defendants" or "Sushi Seki"), by and through their attorneys, Morrison Cohen, LLP, as and for its Answer to Plaintiff's Complaint (the "Complaint"), states as follows:

## JURISDICTION AND VENUE

1. The allegations contained in Paragraph 1 of the Complaint represent conclusions of law to which no response is required. To the extent a response is a required, Defendants admit that the Court has jurisdiction pursuant to 29 U.S.C. § 1331, and otherwise deny the allegations in Paragraph 1 of the Complaint.

2. Admit the allegations contained in Paragraph 2.

## PARTIES

3. The allegations contained in Paragraph 3 of the Complaint represent conclusions of law to which no response is required. To the extent a response is required, Defendants avers that Paragraph 3 of the Complaint speaks for itself.

4. Admit the allegations contained in Paragraph 4.

5. Admit the allegations contained in Paragraph 5.

6. Admit the allegations contained in Paragraph 6.

7. Admit the allegations contained in Paragraph 7.

8. The allegations in Paragraph 8 of the Complaint contain statements to which no response is required.

9. Deny knowledge or information sufficient to form a belief as to the truth of Paragraph 9 of the Complaint, except admit that Plaintiff as employed with Sushi Seki UES from September 17, 2013, until June 20, 2016, and was employed with Sushi Seki TSQ from July 1, 2016, until June 2019, when his employment was terminated due to Plaintiff's continued harassment of his female co-workers.

## FACTS

10. Deny the allegations in Paragraph 10 of the Complaint.

11. Deny the allegations in Paragraph 11 of the Complaint, except admit that Plaintiff as employed with Sushi Seki UES from September 17, 2013, until June 20, 2016.

12. Deny the allegations in Paragraph 12 of the Complaint.

13. Deny the allegations in Paragraph 13 of the Complaint.

14. Deny the allegations in Paragraph 14 of the Complaint.

15. Deny the allegations in Paragraph 15 of the Complaint.

16. Deny the allegations in Paragraph 16 of the Complaint, except admit that Sushi Seki UES utilized a tip pool.

17. Deny the allegations in Paragraph 17 of the Complaint.

18. Deny the allegations in Paragraph 18 of the Complaint.

19. Deny the allegations in Paragraph 19 of the Complaint.

20. Deny the allegations in Paragraph 20 of the Complaint.

21. Deny the allegations in Paragraph 21 of the Complaint.

22. Deny the allegations in Paragraph 22 of the Complaint, except admit that Sushi Seki UES utilized a tip pool.

23. Deny the allegations in Paragraph 23 of the Complaint.

24. Deny the allegations in Paragraph 24 of the Complaint.

25. Deny the allegations in Paragraph 25 of the Complaint.

26. Deny the allegations in Paragraph 26 of the Complaint.

27. Deny the allegations in Paragraph 27 of the Complaint.

28. Deny the allegations in Paragraph 28 of the Complaint.

29. Deny the allegations in Paragraph 29 of the Complaint.

30. Deny the allegations in Paragraph 30 of the Complaint.

## **FIRST CLAIM FOR RELIEF**
(*FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, et seq.*)

31. Defendants allege and incorporate by reference their above responses to the allegations in Paragraphs 1 through 30 above as if set forth fully and at length herein.

32. The allegations contained in Paragraph 32 of the Complaint represent conclusions of law to which no response is required and which are deemed to be denied. To the extent a response is a required, Defendants deny the allegations in Paragraph 32 of the Complaint.

33. The allegations contained in Paragraph 33 of the Complaint represent conclusions of law to which no response is required. To the extent a response is a required, Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Deny the allegations in Paragraph 34 of the Complaint.

35. Deny the allegations in Paragraph 35 of the Complaint.

## SECOND CLAIM FOR RELIEF
*(Illegal Deductions from Gratuities, N.Y. Lab. L. §196-d)*

36. Defendants allege and incorporate by reference their above responses to the allegations in Paragraphs 1 through 35 above as if set forth fully and at length herein.

37. Deny the allegations in Paragraph 37 of the Complaint.

38. Deny the allegations in Paragraph 38 of the Complaint.

## THIRD CLAIM FOR RELIEF
*(New York State Overtime Violations, N.Y. Comp. Codes R. & Regs. Tit. 12, §146-1.4)*

39. Defendants allege and incorporate by reference their above responses to the allegations in Paragraphs 1 through 38 above as if set forth fully and at length herein.

40. The allegations contained in Paragraph 40 of the Complaint represent conclusions of law to which no response is required. To the extent a response is a required, Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Deny the allegations in Paragraph 41 of the Complaint.

42. Deny the allegations in Paragraph 42 of the Complaint.

## FOURTH CLAIM FOR RELIEF
*(New York Notice Requirements, N.Y. Lab. L. §§195, 198)*

43. Defendants allege and incorporate by reference their above responses to the allegations in Paragraphs 1 through 42 above as if set forth fully and at length herein.

44. Deny the allegations in Paragraph 44 of the Complaint.

45. Deny the allegations in Paragraph 45 of the Complaint.

## FIFTH CLAIM FOR RELIEF

*(New York Spread of Hours Provisions, N.Y. Comp. Code R. & Regs. tit. 12, §146-1.6)*

46. Defendants allege and incorporate by reference their above responses to the allegations in Paragraphs 1 through 45 above as if set forth fully and at length herein.

47. Deny the allegations in Paragraph 47 of the Complaint.

48. Deny the allegations in Paragraph 48 of the Complaint.

49. Deny the allegations in Paragraph 49 of the Complaint.

## PRAYER FOR RELIEF

50. Deny that Plaintiff is entitled to any of the relief requested in the WHEREFORE Paragraph of the Complaint, including all subsections thereof.

## DEFENDANTS' DEMAND FOR A TRIAL BY JURY

51. Defendants demand a trial by jury as to all of the factual allegations and legal claims contained in the Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses without assuming any burden of production or proof that it would not otherwise have. Defendants reserve the right to amend this answer and assert such additional defenses as may appear and prove applicable during the course of the litigation.

## AS AND FOR A FIRST DEFENSE

1. Plaintiff's claims, in whole or in part, fail to state a claim for relief upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A THIRD DEFENSE

3. Plaintiff's claims for damages against Defendants are barred, as the alleged damages, if any, are speculative and impossible to ascertain.

### AS AND FOR A FOURTH DEFENSE

4. Plaintiff was paid in full all compensation due and owing him for work performed.

### AS AND FOR A FIFTH DEFENSE

5. Plaintiff was properly paid for all work time, but should it be determined that some hours of work were not properly paid --which Defendants specifically deny-- such amount was negligible and *de minimis* and the Court should deny any recovery for such claim.

### AS AND FOR A SIXTH DEFENSE

6. Plaintiff was exempt from the overtime requirements under state and federal law.

### AS AND FOR A SEVENTH DEFENSE

7. Defendants acted in good faith and upon reasonable grounds for believing they were not violating the law.

### AS AND FOR AN EIGHTH DEFENSE

8. Plaintiff is barred from recovery of some or all of the damages sought because he are not authorized by the FLSA, the NYLL, or any other federal or state law upon which Plaintiff purports to assert a claim.

### AS AND FOR A NINTH DEFENSE

9. Plaintiff's claims are barred in whole or in part by estoppel.

### AS AND FOR A TENTH DEFENSE

10. Plaintiff's claims are barred in whole or in part by waiver.

## AS AND FOR AN ELEVENTH DEFENSE

11. Plaintiff's claims are barred by unclean hands.

## AS AND FOR A TWELFTH DEFENSE

12. Certain of Plaintiff's claims are barred, as Plaintiff failed to exhaust his administrative remedies.

## AS AND FOR A THIRTEENTH DEFENSE

13. Plaintiff failed to mitigate his damages, if any.

## AS AND FOR A FOURTEENTH DEFENSE

14. If Plaintiff sustained any damages, although such is not admitted hereby or herein and is specifically denied, the damage was caused by others for whose conduct Defendants cannot be held legally responsible.

## AS AND FOR A FIFTEENTH DEFENSE

15. Defendants at all times, in all manners, acted in accordance with any and all duties and obligations under the FLSA and its regulations and the NYLL and its regulations.

## AS AND FOR A SIXTEENTH DEFENSE

16. Defendants did not willfully deprive Plaintiff of any wages to which he may have been entitled.

## AS AND FOR A SEVENTEENTH DEFENSE

17. If Plaintiff sustained any damages --although such is not admitted hereby or herein and is specifically denied-- Defendants are entitled under the equitable doctrine of setoff and recoupment, statutory exclusions, exceptions, or credits to offset all remuneration owed to Plaintiff, and liability to any particular Plaintiff has been fully or partially satisfied by the payment of additional compensation beyond what Defendants actually owed.

**WHEREFORE**, Defendants New Life Sushi, Inc. d/b/a Sushi Seki Upper East Side, 365 Seki, Inc., d/b/a Sushi Seki Times Square, Bi Hang Cheng, and Zhong Shen Shi a/k/a Seki demand judgment dismissing the Complaint in its entirety, with prejudice, together with costs, fees (including attorneys' fees) and disbursements incurred defending this action and such other and further relief as the Court deems appropriate.

Dated: New York, New York
       February 14, 2020

By: _____/s/Keith A. Markel_____
Keith A. Markel
John B. Fulfree
Morrison Cohen LLP
909 Third Avenue
New York, New York 10022
(212) 735-8736

*Attorneys for Defendants*